FILED

13 DEC 17 AM 10: 39

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: DMb DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON SMITH, PSH #166543-9,<br><br>Plaintiff,<br><br>vs.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Defendant. | Civil No. 13cv2809 WQH (WMc)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)** |

Plaintiff, currently incarcerated at Patton State Hospital ("PSH") and proceeding pro se, filed a civil complaint entitled "Civil Right Disability Right to Due Process" (ECF Doc. No. 1) on November 14, 2013.

## I.  FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a party's failure to

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, eff. May 1, 2013. However,

pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence a civil action, nor has he submitted a Motion to Proceed IFP that complies with 28 U.S.C. § 1915(a).[2] Therefore, the case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

(1) **DISMISSES** this action sua sponte without prejudice for failing to pay the $400 civil filing and administrative fee or submit a Motion to Proceed IFP pursuant to 28 U.S.C. § 1914(a) and § 1915(a); and

(2) **GRANTS** Plaintiff **forty five (45)** days leave from the date this Order is filed to: (a) prepay the entire $400 civil filing and administrative fee in full; *or* (b) complete and file a Motion to Proceed IFP *which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint. See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2(b).[3]

---

the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

[2] Plaintiff has submitted a prison certificate signed by a PSH trust officer (ECF Doc. No. 2). However, Plaintiff has failed to "submit an affidavit that includes a statement of all assets [he] possesses," and has failed attach a copy of his trust account statements for the 6-month period immediately preceding the filing of his complaint as is required by 28 U.S.C. § 1915(a)(1) & (2).

[3] Plaintiff is cautioned that if he chooses to proceed with this action by properly moving to proceed IFP, he will nevertheless "be required to pay the full amount of a filing fee" pursuant to 28 U.S.C. § 1915(b)(1). Moreover, his Complaint, which is comprised of only a list of health issues he has faced "starting at Atascadero State Hospital" in 2010, appears to raise issues of "false imprisonment" and "perjury" related to a California Welfare and Institutions Code § 5150 commitment hearing held in Imperial County Superior Court in March 2013 (Compl. ECF Doc. No. 1 at 1-2), fails to currently contain any plausible claim for relief available pursuant to 42 U.S.C. § 1983. Therefore, if Plaintiff elects to proceed further, his complaint will be screened and immediately subject to dismissal, regardless of his fee status, pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that is frivolous, malicious, fails to state a claim, or seeks relief from

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either prepay the $400 civil filing fee or fully complete and submit the enclosed Motion to Proceed IFP within that time, this action shall remain dismissed without prejudice and without further Order of the Court.

DATED: 12/17/13

HON. WILLIAM Q. HAYES
United States District Judge

---

defendants who are immune). A person in state custody simply may not use a § 1983 civil rights action to challenge the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). He must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (citing *Preiser*, 411 U.S. at 489).