FILED

14 MAY 22 PM 3:05

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON SMITH, Patient No. 166543-9, <br><br> Plaintiff, <br><br> vs. <br><br> PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Defendant. | Civil No. 13cv2809 WQH (JLB) <br><br> **ORDER:** <br><br> **(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a) (ECF Doc. No. 4)** <br><br> **AND** <br><br> **(2) DISMISSING COMPLAINT FOR FAILING TO COMPLY WITH FED.R.CIV.P. 8(a)(1)-(3) AND FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)** |

Ron Smith ("Plaintiff"), who is currently committed to Patton State Hospital in Patton, California, and proceeding pro se, has filed a civil action entitled "Civil Right Disability Right to Due Process" (ECF Doc. No. 1).

Plaintiff has not prepaid the filing fees required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 4).

I. **MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). A "civil detainee" on the other hand, is not a "prisoner" within the meaning of the PLRA. *Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir 2005); *Agyeman*, 296 F.3d at 886 (holding that INS detainee not also facing criminal charges is not a "prisoner" under § 1915); *see also Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (person confined under California's Sexually Violent Predator Law, while a "a 'prisoner' within the meaning of the PLRA when he served time for his conviction, . . . ceased being a 'prisoner' when he was released from the custody of the Department of Corrections."); *Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1240 (N.D. Cal. 2008) (holding plaintiff "adjudicated NGI [not guilty by reason of insanity] and committed to [Napa State Hospital] as a result of that adjudication" was "not a prisoner as defined by the PLRA.").

Because Plaintiff is currently committed at Patton State Hospital, and was not a "prisoner" as defined by 28 U.S.C. § 1915(h) when he filed this action, the filing fee provisions of 28 U.S.C. § 1915(b) do not apply to this case.[1] *Andrews*, 398 F.3d at 1122.

---

[1] While not altogether clear, Plaintiff's pleading suggests he may have been involuntarily civilly committed in Imperial County Superior Court proceedings based on the violation of an emergency protective order issued on a March 12, 2013 complaint of elder abuse directed toward

Therefore, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status, and finds it is sufficient to show that he is unable to pay the fees or post securities required to maintain this action. *See* S.D. CAL. CIVLR 3.2(d).

Accordingly, the Court GRANTS Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 4).

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

### A. Standard of Review

A complaint filed by *any* person proceeding in forma pauperis is subject to sua sponte dismissal, however, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that

---

his mother. *See* Compl. at 4. In an application sworn by an Imperial County Sheriff's Department Deputy, Plaintiff is described as a "5150 W.I." and a "P.C. 290" registrant. California Welfare & Institutions Code § 5150 permits the arrest and involuntary commitment of an individual found to be a danger to himself or to others as a result of a mental disorder. *See Bias v. Moynihan*, 508 F.3d 1212, 1216 (9th Cir. 2007). Cal. Penal Code § 290 permits arrest of a convicted sex offender who fails to register with "the chief of police of the city in which he or she is residing, or the sheriff of the county if he or she is residing in an unincorporated area or city that has no police department . . . within five working days of coming into, or changing his or her residence within, any city, county, or city and county, or campus in which he or she temporarily resides." CAL. PENAL CODE § 290; *see also Hatton v. Bonner*, 356 F.3d 955, 959-60 (9th Cir. 2004).

requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Plaintiff's Complaint

Plaintiff's two-page Complaint, which is captioned "right to due process," names the People of the State of California as the only defendant and is comprised of disjointed statements like "perjury at hearing 4-2-13," "right to cross examination," and "false imprisonment false 290 charge." *See* Compl. at 1. Plaintiff also mentions Imperial County Sheriff Kevin Bachant, a "5150," a "heart attack problem" and "brain damage" which "started at Atascadero State Hospital" and which Plaintiff appears to believe was caused by an "Abilfy pill." *Id.* at 2. Attached to his Complaint is an Imperial County Superior Court "Notice, Sentence, Commitment Form" indicating Plaintiff was remanded to the custody of the Imperial County Sheriff on October 24, 2013, in Case No. EMH00481, and an Application for Emergency Protective Order, served upon Plaintiff by Deputy Sheriff Bachant on March 12, 2013. *Id.* at 3-4.

Nowhere in Plaintiff's Complaint, however, is there a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement of the claim showing that [Plaintiff] is entitled to relief," or any demand for relief whatsoever. *See* FED.R.CIV.P. 8(a)(1), (2) and (3). "Rule [8] mean[s] what it sa[ys]." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993). And while "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Even allowing Plaintiff the wide latitude afforded pro se litigants, *see Hebbe*, 627 F.3d at 342 n.7, it is clear Plaintiff's Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2) based on its failure to conform with Rule 8 or to include any "factual matter . . . to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

Further, to the extent Plaintiff's Complaint suggests he wishes to challenge the validity of any "false imprisonment," conviction, sentence, or his current term of what appears to be a civil commitment resulting from the "false 290 charge," he references, *see* Compl. at 1, he may not do so by filing a civil rights action. A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 485, (1973). Claims challenging the validity of a person's continued incarceration, including the fact or length of the custody, are within the "heart of habeas corpus" and are cognizable only in federal habeas corpus. *Preiser*, 411 U.S. at 498-99 & n.14. In contrast, a civil rights action, typically brought pursuant to 42 U.S.C. § 1983, is the proper method for challenging unconstitutional conditions of confinement, but not the fact or length of custody. *See McCarthy v. Bronson*, 500 U.S. 136, 141-42 (1991); *Preiser*, 411 U.S. at 499; *Badea*, 931 F.2d at 574.

/ / /

/ / /

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that:

2. Plaintiff's Complaint is **DISMISSED** without prejudice for failing to comply with FED.R.CIV.P. 8(a)(1)-(3), and failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

3. Plaintiff is **GRANTED** forty-five (45) days leave from the date this Order is filed in which to file a First Amended Complaint which attempts to cure the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his original Complaint. *See* S.D. CAL. CIVLR 15.1. Defendants not named and any claim not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

DATED: 5/22/14

HON. WILLIAM Q. HAYES
United States District Judge